United States District Court
Southern District of Texas
**ENTERED**
July 25, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:08-CR-666 |
| | § | |
| RICARDO RIOS-MARTINEZ | § | |

## ORDER

Ricardo Rios-Martinez filed a motion for speed revocation and a Request for Court appointed Counsel. D.E. 40, 41. Both are part of a series of motions that Rios-Martinez has filed relating to pending federal detainers on him while he is incarcerated in the Texas Department of Criminal Justice. D.E. 30, 31, 33, 36, and 38.

Rios-Martinez was convicted of possession of a firearm by an alien unlawfully in the United States and was sentenced in March 2009 to 51 months in the Bureau of Prisons and to three years supervised release. His supervision began on March 15, 2013. Rios-Martinez has an immigration detainer issued by Immigration and Customs Enforcement and another detainer dated May 21, 2014, that was issued by the United States Marshal for Rios-Martinez' violation of the terms of his supervised release in this case. The Court authorized an arrest warrant for Rios-Martinez for violating the terms of his supervised release by committing the offense of illegal reentry on or about September 20, 2013. D.E. 29.

Rios-Martinez is in custody in the Jordan Unit of TDCJ-CID in Pampa, Texas after a state conviction. Although there is a warrant for Rios-Martinez' arrest, the warrant has not yet been executed. Until the warrant is executed, he has no right to a revocation hearing. *Moody v. Daggett*, 429 U.S. 78 (1976) (a parolee is not constitutionally entitled to a revocation hearing immediately upon the issuance of the violation warrant . . . no right to a revocation hearing

accrues until the warrant has been executed and the parolee taken into custody); *see also United States v. Tippens*, 39 F.3d 88, 90 (5th Cir. 1994). Moreover, speedy trial provisions do not apply. *See Tippens*, 39 F.3d at 89 (the right to a speedy trial is not applicable to probation and parole revocation hearings, because they are not stages of a criminal prosecution. *United States v. Williams*, 558 F.2d 224, 226 (5th Cir. 1977) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973)). Additionally, until the warrant is served and he makes his initial appearance in federal court, Rios-Martinez is not entitled to appointment of counsel. *See* 18 U.S.C. § 3006A(c) (defendant to be represented at each stage of proceeding from initial appearance through appeal).

Rios-Martinez' motions for appointment of counsel (D.E. 40) and for a speedy revocation hearing (D.E. 41) are DENIED.

SIGNED and ORDERED this 25th day of July, 2016.

_____
Janis Graham Jack
Senior United States District Judge